IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN F. HOTZE, M.D. AND AUBREY TAYLOR, § § § § *Plaintiffs,* § § v. § § KIM OGG, VIVIAN KING, GERALD § WOMACK and HARRIS COUNTY, § TEXAS, a government municipality in § Texas. § § *Defendants.* § | CIVIL ACTION NO. 4:25-cv-04492 |

## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

**TABLE OF CONTENTS**

Page(s)

I. NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

II. STATEMENT OF ISSUES ...................................................................................... 1

III. SUMMARY OF THE ARGUMENT ....................................................................... 1

IV. STANDARD OF REVIEW ...................................................................................... 2

V. ARGUMENT AND AUTHORITIES ...................................................................... 3

    13. 12(b)(6)—Deficient Factual Allegations ............................................................. 3

    15. 12(b)(6)—State Actors .......................................................................................... 4

17.  12(b)(6)—*Monell* Liability ............................................................................... 4

22.  12(b)(7)—Necessary Parties ........................................................................... 6

23.  Statute of Limitations ...................................................................................... 6

VI.  CONCLUSION.......................................................................................................... 7

CERTIFICATE OF SERVICE ............................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arnone v. Dallas County*,
   29 F.4th 262 (5th Cir. 2022).................................................................................. 3, 4, 5
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................... 2
*Aviles v. Saldivar*,
   No. 4:22-CV-03571, 2023 WL 5487668 (S.D. Tex. Aug. 23, 2023) ......................... 5
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................... 2
*Board of County Commissioners of Bryan County Oklahoma v. Brown*,
   520 U.S. 397 (1997)....................................................................................................... 5
*Connick v. Thompson*,
   563 U.S. 51 (2011)......................................................................................................... 5
*Cozzo v. Tangipahoa Parish Council–Pres. Gov't*,
   279 F.3d 273 (5th Cir. 2002)........................................................................................ 6
*Cuadra v. Houston Indep. Sch. Dist.*,
   626 F.3d 808 (5th Cir. 2010)........................................................................................ 7
*Doe v Edgewood Independent School District*,
   964 F3d 351 (5th Cir 2020) ......................................................................................... 4
*Edmonds v. Oktibbeha Cnty.*,
   675 F.3d 911 (5th Cir. 2012)........................................................................................ 7
*Esteves v. Brock*,
   106 F.3d 674 (5th Cir. 1997)............................................................................... 3, 4, 5
*Griffin v. New Orleans City*,
   628 F. App'x 300 (5th Cir. 2016)................................................................................. 6
*Hale v. King*,
   642 F.3d 492 (5th Cir. 2011)........................................................................................ 2
*Hood ex rel. Miss. v. City of Memphis, Tenn.*,
   570 F.3d 625 (5th Cir. 2009)........................................................................................ 3

*Jackson v. Procunier*,
    789 F.2d 307 (5th Cir. 1986) ............................................................................................... 2
*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) ............................................................................................... 6
*Jones v. Bock*,
    549 U.S. 199 (2007) ............................................................................................................ 6
*Krueger v. Reimer*,
    66 F.3d 75 (5th Cir. 1995) ........................................................................................... 3, 4, 5
*Leal v. McHugh*,
    731 F.3d 405 (5th Cir. 2013) ............................................................................................... 2
*Martinez v. Nueces Co.*,
    71 F.4th 385 (5th Cir. 2023) ................................................................................................ 5
*McNeal v. LeBlanc*,
    90 F.4th 425 (5th Cir. 2024) ................................................................................................ 2
*Morin v. Caire*,
    77 F.3d 116 (5th Cir. 1996) ................................................................................................. 2
*Nat'l Cas. Co. v. Gonzalez*,
    637 Fed. App'x 812 (5th Cir. 2016) .................................................................................... 3
*Owens v. Okure*,
    488 U.S. 235 (1989) ............................................................................................................ 7
*Piotrowski v City of Houston*,
    237 F3d 567 (5th Cir. 2001) ............................................................................................ 5, 7
*Quinn v. Roach*,
    326 Fed.Appx. 280 (5th Cir. 2009) ............................................................................ 3, 4, 5
*Rajet Aeroservicios S.A. de C.V. v. Cervantes*,
    801 F. App'x 239 (5th Cir. 2020) ........................................................................................ 3
*Roberts v. City of Shreveport*,
    397 F.3d 287 (5th Cir. 2005) ............................................................................................... 6
*Shaw v. Villanueva*,
    918 F.3d 414 (5th Cir. 2019) ............................................................................................... 2
*Smith v. Reg'l Transit Auth.*,
    827 F.3d 412 (5th Cir. 2016) ............................................................................................... 7
*Temple v. Synthes Corp.*,
    498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263, (1990) .......................................................... 3
*Thompson v. Upshur Cnty.*,
    245 F.3d 447 (5th Cir.2001) ............................................................................................ 4, 5
*Wallace v. Kato*,
    549 U.S. 384 (2007) ............................................................................................................ 7

    Statutes

Tex. Civ. Prac. & Rem. Code §16.003 ....................................................................................... 7
Tex. Const. Art. V Sec. 21 .......................................................................................................... 4
Tex. Gov't Code §43.180 ............................................................................................................ 4
Tex. Gov't Code §45.201 ............................................................................................................ 4

    Rules

Fed. R. Civ. P. 8(a)(2) ................................................................................................................ 2
Fed. R. Civ. P. 8(c) .................................................................................................................... 6
Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 2, 6
Fed. R. Civ. P. 12(b)(6) and (7) ............................................................................................. 1, 7
Fed. R. Civ. P. 12(b)(7) ............................................................................................................. 3
Fed. R. Civ. P. 19 .................................................................................................................. 3, 6
Rule 19(a) .................................................................................................................................. 3
Rule 19(b) .................................................................................................................................. 3

TO THE HONORABLE JUDGE HOYT:

Defendant Harris County files this Motion to Dismiss Plaintiff's Complaint (Docket Entry (DE) 1)) pursuant to Fed. R. Civ. P. 12(b)(6) and (7), and respectfully shows the Court as follows:

### I.   NATURE AND STAGE OF PROCEEDINGS

1. Plaintiffs filed suit on September 23, 2025, asserting civil rights violations. Plaintiffs named Harris County as a Defendant arising out of the actions of former District Attorney Ogg and her staff for allegedly pursuing improper criminal investigations and prosecutions.

2. The only claim pleaded against Harris County is Count I for municipal liability pursuant to 42 U.S.C. §1983.

3. Plaintiff served Harris County on December 2, 2025. Harris County's response is due by December 23, 2025. This Motion to Dismiss is timely.

### II.   STATEMENT OF ISSUES

4. The issues to be ruled upon by the Court are:

   a. Whether Plaintiff failed to state a claim upon which relief can be granted against Harris County.

   b. Whether the former District Attorney (DA) and former Assistant District Attorneys (ADA) are policymakers for Harris County.

   c. Whether Plaintiff failed to join necessary parties.

   d. Whether the statute of limitations bars Plaintiff's claims.

### III.   SUMMARY OF THE ARGUMENT

5. Plaintiff alleged no facts and failed to state a claim upon which relief can be granted against Harris County because Harris County cannot be held vicariously liable for conduct that is not pursuant to a policy of Harris County.

1

6. The District Attorney (DA) and Assistant District Attorneys (ADA) are state actors when performing prosecutorial functions, and are not policymakers of Harris County under these facts.

7. Plaintiff failed to join necessary parties. I.e. the State of Texas.

8. The statute of limitations bars at least some of Plaintiff's claims.

### IV. STANDARD OF REVIEW

9. When considering a 12(b)(6) motion to dismiss, the court must take all well-pleaded facts as true. If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). See *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twom*bly, 550 U.S. 544, 555 (2007).

10. "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft*, 556 U.S. at 678-679. In short, the Plaintiff must plead plausible facts which if true, would impose liability on the Defendant. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). In the context of qualified immunity, the Court must determine whether the facts pled show an official violated clearly established law. *McNeal v. LeBlanc*, 90 F.4th 425, 430 (5th Cir. 2024).

11. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual

2

assertions are not sufficient. See *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); see also *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

12. Fed. R. Civ. P. 12(b)(7) permits the filing of a motion to dismiss for "failure to join a party under Rule 19." As explained by the Fifth Circuit, Fed. R. Civ. P. 19 "is designed to evaluate whether a non-party either impedes the court's ability to 'accord complete relief among existing parties' or has, among additional requirements, 'claimed an interest relating to the subject of the action' —the only two tests for determining whether a person is a required party under Rule 19(a)." *Rajet Aeroservicios S.A. de C.V. v. Cervantes*, 801 F. App'x 239, 246 (5th Cir. 2020) (per curiam).

13. The party advocating joinder bears "the initial burden of demonstrating that a missing party is necessary." *Nat'l Cas. Co. v. Gonzalez*, 637 Fed. App'x 812, 814 (5th Cir. 2016) (per curiam) (citing *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009)). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id*. If joinder is not required under Rule 19(a), "no inquiry under Rule 19(b) is necessary." *Id*. at 815 (quoting *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263, (1990)).

## V.   ARGUMENT AND AUTHORITIES

14. **12(b)(6)—Deficient Factual Allegations**. Plaintiff failed to state a claim upon which relief can be granted against Harris County. Plaintiffs pleaded no facts that allege a cognizable §1983 claim against Harris County as a matter of law. All of Plaintiffs' allegations pertain to the actions of Defendant Oggand/or her employees arising in prosecuting criminal cases as the District Attorney. Harris County is not responsible for criminal prosecutions and cannot be held liable for the actions of a prosecutor. The District Attorney (DA) and Assistant District Attorneys (ADA)

are state actors when performing prosecutorial functions. *Arnone v. Dallas County*, 29 F.4th 262, 268-70 (5th Cir. 2022); *Quinn v. Roach*, 326 Fed.Appx. 280, 291-292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 677-678 (5th Cir. 1997); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995). As such, as a matter of law, the District Attorney is not a policymaker for the County under these facts. Thus, Plaintiff has not alleged any facts which implicate Harris County's liability.

15. Further, the DA and ADAs are not authorized to pursue civil litigation on behalf of Harris County. The Harris County Attorney—not the DA—is the government official with authority over civil litigation. *See generally* Tex. Const. Art. V Sec. 21, Tex. Gov't Code §43.180 and Tex. Gov't Code §45.201. Thus, any actions taken by the DA and/or an ADA with respect to any civil litigation are not the actions of a policymaker for Harris County or pursuant to any authority granted by statute or by Harris County.

16. **12(b)(6)—State Actors**. It is black letter law that the DA and ADAs are state officials when acting in a prosecutorial capacity. *Arnone v. Dallas County*, 29 F.4th 262, 268-70 (5th Cir. 2022); *Quinn v. Roach*, 326 Fed.Appx. 280, 291-292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 677-678 (5th Cir. 1997); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995). Further, they are immune from suit. *Id*.

17. The Harris County District Attorney is NOT a policymaker for Harris County when acting in a prosecutorial capacity. *Id.* Thus, Harris County cannot be responsible for the DA or ADA's actions relating to criminal prosecutions. The facts Plaintiff provided all deal with allegedly improper criminal prosecutions. None of these actions can be attributed to a Harris County policymaker.

18. **12(b)(6)—*Monell* Liability**. Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Thompson v. Upshur Cnty.,* 245 F.3d

447, 459 (5th Cir.2001). The plaintiff must present evidence that the municipality is itself legally responsible for the challenged conduct. *Doe v Edgewood Independent School District*, 964 F3d 351, 364–65 (5th Cir 2020). This is generally established by proving that (i) an official policy (ii) promulgated by a municipal policymaker (iii) was the "moving force" behind the violation of a constitutional right. *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir. 2001) (citations omitted). See also *Aviles v. Saldivar*, No. 4:22-CV-03571, 2023 WL 5487668, at *3 (S.D. Tex. Aug. 23, 2023). Plaintiff did not identify an official policy, procedure, custom, practice, ratification, etc. of any Harris County policymaker as the moving force behind a constitutional violation because the DA and ADAs are state actors. *Arnone v. Dallas County*, 29 F.4th 262, 268-70 (5th Cir. 2022); *Quinn v. Roach*, 326 Fed.Appx. 280, 291-292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 677-678 (5th Cir. 1997); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995). Thus, the claims against Harris County fail.

19. Plaintiff made no plausible allegations regarding deliberate indifference. This is "a stringent standard of fault," one "requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) quoting *Board of County Commissioners of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 410 (1997).

20. A municipality's deliberate indifference requires a plaintiff to allege a pattern of similar constitutional violations by untrained employees. *Id.* at 62. Plaintiff's allegations of a pattern must be specific, sufficiently numerous, and similar incidents. *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023). Plaintiff does not allege any specific similar violations by Harris County because Harris County has no legal authority to prosecute crimes and no supervisory authority over prosecutors.

21.    To the extent Plaintiff alleges a failure to supervise as the basis for liability and must show: (1) failure to supervise the employees involved; (2) a causal link between the failure to supervise and the alleged violation of the plaintiff's rights; and (3) the failure to supervise amounted to deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur Co.,* 245 F.3d 447, 459 (5th Cir. 2001). Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a lack of supervision claim. *Cozzo v. Tangipahoa Parish Council–Pres. Gov't,* 279 F.3d 273, 286–87 (5th Cir. 2002). Harris County has no ability or authority to "supervise" the DA or ADAs acting as a state officials and performing prosecutorial functions.

22.    To be entitled to the "single act" exception to the general rule a plaintiff must show that the "highly predictable" consequence of the failure to supervise would result in the specific injury suffered and that the failure to supervise represented the "moving force" behind the constitutional violation. *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir. 2005). Plaintiff makes no plausible allegation regarding a failure to supervise by Harris County.

23.    **12(b)(7)—Necessary Parties**. Plaintiff failed to join necessary parties. I.e. the State of Texas. The State is a necessary party under Fed. R. Civ. P. 19. Plaintiff did not sue the State of Texas, which is the entity ultimately responsible for the actions of state prosecutors. This impedes the Court's ability to accord complete relief among existing parties because Harris County does not control prosecutions.

24.    **Statute of Limitations.** Limitations bar Plaintiff's claims against Harris County. A Rule 12(b)(6) motion is a proper procedural vehicle to seek dismissal when "it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Jones v. Bock,* 549 U.S. 199, 215 (2007); Fed. R. Civ. P. 8(c).

25. Plaintiffs base their claims on events that occurred more than two years before Plaintiffs filed suit. DE 1. Accrual "occurs when the plaintiff knows, or should have known, of the acts that form the basis of the claim." *Griffin v. New Orleans City*, 628 F. App'x 300, 301 (5th Cir. 2016); *see also Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

26. "Because no specified federal statute of limitations exists for §1983 suits, federal courts borrow from the forum state's general or residual personal-injury limitations period." *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). State law supplies both the limitations period and the rules for tolling. *Wallace v. Kato,* 549 U.S. 384, 396 (2007).

27. In Texas, the statute of limitations for a §1983 claim is two years. *See* Tex. Civ. Prac. & Rem. Code §16.003 and, e.g., *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 n.7 (5th Cir. 2010). Since Plaintiffs' causes of action arise out of events that occurred more than two years before Plaintiff filed suit, limitations bar Plaintiffs' claims against Harris County.

## VI.   CONCLUSION

28. For the reasons stated above, the Court should dismiss Plaintiff's claims against Movant pursuant to Fed. R. Civ. P. 12(b)(6) and (7).

WHEREFORE, PREMISES CONSIDERED, Movant requests that the Court grant this motion and enter an order dismissing all Plaintiffs' claim against Harris County, award costs and attorneys' fees and grant all other relief to which Movant is entitled.

Date: December 23, 2025

                                          Respectfully submitted,

                                          **CHRISTIAN D. MENEFEE**
                                          HARRIS COUNTY ATTORNEY

                    **JONATHAN G. C. FOMBONNE**
                    DEPUTY COUNTY ATTORNEY AND FIRST
                    ASSISTANT

                    **NATALIE G. DELUCA**
                    MANAGING COUNSEL,
                    DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
                    ESTATE DIVISIONS
                    Respectfully submitted,

By:   */s/ Frank Ford*
        **FRANK FORD**
        Assistant County Attorney
        ATTORNEY-IN-CHARGE
        Federal ID No. 565385
        State Bar No. 24012642
        Phone: (832) 570-7582 (direct)
        Frank.ford@harriscountytx.gov
        **JOSHUA GREEN**
        Assistant County Attorney
        Attorney to be Noticed
        State Bar No. 24080915
        Fed. Bar No. 1428074
        Tel: (713) 274-5229 (direct)
        joshua.green@harriscountytx.gov

        **OFFICE OF THE HARRIS COUNTY ATTORNEY**
        Harris County Attorney's Office
        1019 Congress
        Houston, Texas 77002

        **ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF SERVICE

      I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

                                    */s/ Frank Ford*
                                    FRANK FORD