IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN F. HOTZE, M.D. AND AUBREY TAYLOR, § § § § *Plaintiffs,* § § v. § § KIM OGG, VIVIAN KING, GERALD WOMACK and HARRIS COUNTY, TEXAS, a government municipality in Texas. § § § § § § § *Defendants.* § | CIVIL ACTION NO. 4:25-cv-04492 |

**DEFENDANT HARRIS COUNTY'S REPLY
TO PLAINTIFFS' RESPONSE TO THE MOTION TO DISMISS**

TO THE HONORABLE JUDGE HOYT:

Defendant Harris County files this Reply to Docket Entry (DE) 20, Plaintiff's response to Harris County's Motion to Dismiss (DE 17), and shows the Court the following:

### I.   ARGUMENT AND AUTHORITIES

1. Plaintiffs' Response misses the mark. Plaintiffs' entire claim against Harris County arises out of co-Defendant Ogg's allegedly improper prosecutions of political opponents. Every single allegation deals with acts taken with an eye toward prosecuting the Plaintiffs. They cannot simply re-label prosecutorial decisions as personnel decisions to avoid dismissal. Plaintiffs do not sue because co-Defendant Ogg hired any particular individual. They have no standing to challenge such a decision. Plaintiffs sue because of the actions and decisions of the hired individuals led to criminal prosecutions. *See* DE 1. Plaintiff's Response is akin putting lipstick on a pig.

1

2.     The law is clear. A Texas District Attorney is a state official when performing prosecutorial functions. *Arnone v. Dallas County*, 29 F.4th 262, 268-70 (5th Cir. 2022); *Quinn v. Roach*, 326 Fed.Appx. 280, 291-292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 677-678 (5th Cir. 1997); and *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995). Thus, the State of Texas is the entity responsible for the actions of a prosecutor.

3.     Prosecutorial functions are decisions to initiate, investigate, maintain, pursue, and/or dismiss a criminal prosecution. *See e.g. Quinn v. Roach*, 326 Fed.Appx. 280, 292 (5th Cir. 2009); *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984); *Payne v. County of Harris*, 2024 WL 4218273 *9 (S.D. Tex. July 24, 2024); *Roberts v. Johnson*, 2019 WL 6534924 *7 (E.D. Tex. October 28, 2019); *Gallagher v. Paxton*, 2019 WL 5390173 *10 (E.D. Tex. May 15, 2019); *Bowling v. Willis*, 2019 WL 2517090 *7 (E.D. Tex. April 2, 2019); *Harvey v. Montgomery County*, 2012 WL 12530 *7 (S.D. Tex. January 3, 2012). The former District Attorney's initiation, investigation, maintenance, and pursuit of criminal prosecutions are the very actions Plaintiffs challenge in this lawsuit. There is no argument that Plaintiffs' claims arise from anything other than core prosecutorial functions.

4.     Prosecutors are state actors (and likely immune—even if they act maliciously). *See e.g.*, *Quinn v. Roach*, 326 Fed.Appx. 280, 292-93 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); . *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984); *Brown v. U.S. Postal Insp. Svc.*, 206 F.Supp.3d 1234, 1253-55 (S. D. Tex. 2016); *Doe v. Harris County*, 2017 WL 4402590 *16-18 (S.D. Tex. 2017). Harris County simply cannot be liable to Plaintiffs. This is not even a close call. In fact, this lawsuit is dangerously close to being frivolous as to Harris County.

5.     Plaintiffs' reliance on *Turner v. Upton County*, 915 F.2d 133 (5th Cir. 1990) is misplaced. In *Turner*, the court based the County's potential liability on the actions of the County Sheriff.

The County Sheriff was a final policymaker for the County. And, the Sheriff allegedly conspired with the District Attorney. *Id.* at 136-38. The Sheriff's involvement in a conspiracy to violate Turner's civil rights is the key factor in assessing Upton County's liability. In addition, *Turner* pre-dates *Quinn* by 19 years and *Esteves* by seven years. So, to the extent it contradicts the holdings in *Quinn* and *Esteves*, it is overruled.

6.  Assuming every allegation against the co-Defendants is true, Harris County is not liable. Harris County has no authority or ability to make prosecutorial decisions. Plaintiffs ask this court to turn roughly 40 years of jurisprudence on its head and hold Harris County liable for the actions of a state official. There is no legal support for their position. The Court should dismiss the claims against Harris County with prejudice.

## II.    CONCLUSION

7.  For the reasons stated above, the Plaintiff has failed to state a claim against Harris County. Accordingly, Harris County is entitled to dismissal of all of Plaintiff's claims with prejudice as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County requests that the Court grant the motion to dismiss with prejudice and grant all other legal and equitable relief to which the Defendant is entitled.

Date: February 2, 2026

                                         Respectfully submitted,

By:    */s/ Frank Ford*
        **FRANK FORD**
        Assistant County Attorney
        ATTORNEY-IN-CHARGE
        Federal ID No. 565385
        State Bar No. 24012642
        Phone: (832) 570-7582 (direct)
        Frank.ford@harriscountytx.gov

**JOSHUA GREEN**
Assistant County Attorney
Attorney to be Noticed
State Bar No. 24080915
Fed. Bar No. 1428074
Tel: (713) 274-5229 (direct)
joshua.green@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

/s/ Frank Ford
FRANK FORD